IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HOOPSICK, JR., | Case No. 1:20-cv-181 Erie |
| Plaintiff | |
| | RICHARD A. LANZILLO |
| v. | UNITED STATES MAGISTRATE JUDGE |
| DEREK F. OBERLANDER, et al., | MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS |
| Defendants | |
| | [ECF No. 3] |

I.  Background

Plaintiff James Hoopsick, Jr., an inmate incarcerated at the State Correctional Institution at Forest (SCI-Forest), initiated this pro se action in the Court of Common Pleas of Forest County, Pennsylvania.  ECF No. 1.  Defendants filed a timely Notice of Removal.  *Id.*  In his Complaint, Hoopsick generally avers that Defendants engaged in unlawful retaliation in response to his attempt to file a Prison Rape Elimination Act (PREA) complaint.  Hoopsick seeks compensatory and punitive damages and injunctive relief for this alleged violation of his First Amendment rights.

According to Hoopsick, Defendant Kevin Dittman, a correctional officer at SCI-Forest, threatened to terminate him from his job in the prison kitchen for attempting to file a PREA complaint.  ECF No. 1-1 at 3.  Dittman's initial attempt to fire Hoopsick was overturned by the Prison Review Committee (PRC).  *Id.*  However, on May 20, 2019, Hoopsick inquired as to why he had not been called to work and was informed that Dittman and an unidentified Defendant had fired him because of his PREA complaint.  *Id.*  With respect to Oberlander, the Superintendent of SCI-Forest, Hoopsick alleges only that he was "aware of the nature of the

1

actions against Plaintiff and . . . upheld the decision of Defendants Kevin Dittman and John Doe, thereby taking part in the retaliation." *Id.*

Presently pending is Oberlander's Motion to Dismiss.[1] ECF No. 3. For the following reasons, Oberlander's motion will be granted.[2]

II.   Standards of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v.*

---

[1] Hoopsick has not filed any response to Oberlander's motion.

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

2

*Allain,* 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Plaintiff is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364

(1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

III. Analysis

In order to prevail on a claim pursuant to 42 U.S.C. § 1983, a plaintiff must prove that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995); *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005); 42 U.S.C. § 1983. Critically, the plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

These principles apply with equal force where the defendants are supervising prison officials. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (noting that liability for supervisory officials must still be based on "personal involvement in the alleged wrongs"); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[L]iability cannot be predicated

4

solely on the operation of *respondeat superior*."). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990). Moreover, it is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D. Pa. 2013). *See also Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). Rather, a supervisor-defendant may only be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm; or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

In the instant case, Hoopsick's only factual averment regarding Oberlander is that he became "aware" of Dittman's retaliation in the course of "upholding" the denial of Hoopsick's subsequent grievance. ECF No. 1-1 at 3. Based on this allegation, it is apparent that Hoopsick is attempting to hold Oberlander responsible for the unconstitutional action of another individual based entirely upon his supervisory role in the prison system and his response to a grievance. As described above, this type of averment is insufficient to establish personal involvement in the deprivation of a constitutional right. *See, e.g., Mincy v. Chmielsewski,* 508 Fed. Appx. 99, 104

(3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); *Kloss v. SCI-Albion*, 2018 WL 4609144, at *4 (W.D. Pa. Aug. 15, 2018) (allegation that supervisory defendant was "made aware of several issues of the plaintiff's and . . . failed to help him" is insufficient to state a claim for reliefs) participation in an administrative appeal process); *Rogers v. United States*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official."). Because Hoopsick's claims against Oberlander are based entirely upon his participation in the administrative grievance appeal process, those claims must be dismissed, with prejudice.

IV.   Conclusion

For the reasons stated herein, Oberlander's Motion to Dismiss [ECF No. 3] is hereby GRANTED. Hoopsick's claims against Oberlander are dismissed, with prejudice.[3] The Clerk is directed to terminate Oberlander from this action.

*signature*
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: September 29, 2020

---

[3] Because the Court concludes, as a matter of law, that Hoopsick cannot establish a retaliation claim against Oberlander based on the incident described in the Complaint, any attempt to file a curative amendment would be futile. *See Blackstone v. Richter*, 2013 WL 4766761, at *7 (W.D. Pa. Sept. 4, 2013) (citing *Shelley v. Patrick*, 481 Fed. Appx. 34, 36 (3d Cir. 2012)).